**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ERICKA BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| GREEN SQUARE COMPANY LLC, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, ERICKA BLAIR ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, GREEN SQUARE COMPANY LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

4. Plaintiff is a natural person residing in Indianapolis, Marion County, Indiana.

5. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

1

6. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

8. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

9. Defendant is a collection agency with a principal place of business in Buffalo, New York.

10. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

11. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with a Sky Trail Cash account.

17. The alleged debt at issue arises from transactions for personal, family, and household purposes.

18. In or around January 2020, Defendant began placing calls to Plaintiff on Plaintiff's

telephone at xxx-xxx-6958, in an attempt to collect the alleged debt.

19. On at least one occasion since Defendant began calling Plaintiff, Plaintiff has answered Defendant's collection call and has spoken with one of Defendant's collectors.

20. During the conversation, Defendant's collector falsely represented that Defendant is a "mediation company."

21. During the conversation, Defendant's collector threatened to take Plaintiff to court if she did not enter into a payment plan with Defendant.

22. Since Defendant began calling Plaintiff, Defendant's collectors left the following voicemail messages on Plaintiff's telephone:

   a. "This is a formal notification solely intended for Ericka Blair. This is the offices of Greensquare Services calling in regards to your (unintelligible) of banking information with this office. We strongly suggest you return this call immediately before this matter is outsourced for final action against you. You may contact our office directly, 888-591-9207. Thank you and have a great day. 5-1-2-2-2-6-5-2."

   b. "This message is only intended for Ericka Blair. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your social ending in 0611 due to the bounced check authorized from your account. You provided a MasterCard ending in 9935 to set a voluntary out-of-court arrangement. However, the payment you authorized of $100 came back insufficient funds and carrying a $35 insufficient fee and is currently being investigated as an attempt to defraud our company. To avoid any further proceedings for wage garnishment through Marion County, you or your attorney can contact our office no later than 5 PM at 844-802-1310. Again that is 844-802-1310. Good luck."

   c. "This is a formal notification solely intended for Ericka Blair. This is the offices of Greensquare Services calling regarding your claim which is currently in imminent default. This matter is being scheduled to be recalled beyond this point at which time our client will pursue and likely be awarded the appropriate release. You may contact the office directly at 888-608-5122. As always, your complete cooperation is appreciated. 5-1-2-2-2-6-5-2."

23. The telephone numbers 888-591-9207 and 844-802-1310 belong to Defendant.

24. Defendant's collectors were working within the scope of their employment when

communicating with Plaintiff.

25. Defendant's collectors are or should be familiar with the FDCPA.

26. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer.

27. Defendant's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose.

28. To date, Defendant has not taken legal action against Plaintiff.

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Defendant left a voicemail message for Plaintiff on Plaintiff's telephone without disclosing the communication was from Green Square Company;

   b. Defendant further violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

   c. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Defendant's collector threatened to garnish Plaintiff's wages and Defendant could not lawfully take such action;

4

    d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant's collectors threatened to take legal action against Plaintiff and Defendant did not intend to take such action;

    e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant's collector falsely represented that Defendant is a mediation company and when Defendant's collector deceptively insinuated Plaintiff needed to retain an attorney when no legal action was pending against Plaintiff;

    f. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Defendant's collectors failed to disclose the communication is from a debt collector attempting to collect a debt in voicemail messages left on for Plaintiff on Plaintiff's telephone; and

    g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, ERICKA BLAIR, respectfully requests judgment be entered against Defendant, GREEN SQUARE COMPANY LLC, for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 19, 2020                By: /s/ Michael S. Agruss
                                              Michael S. Agruss
                                              Agruss Law Firm, LLC
                                              4809 N. Ravenswood Ave.
                                              Suite 419
                                              Chicago, IL 60640
                                              Tel: 312-224-4695
                                              Fax: 312-253-4451
                                              michael@agrusslawfirm.com
                                              Attorney for Plaintiff