**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ERICKA BLAIR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-00888-JMS-MPB |
| | ) |
| GREEN SQUARE COMPANY LLC and | ) |
| JOEY M. YOUNGER, individually, | ) |
| | ) |
|    Defendants. | ) |

## MOTION FOR DEFAULT JUDGMENT

NOW COMES the Plaintiff, ERICKA BLAIR ("Plaintiff"), through counsel, pursuant to Fed. R. Civ. P. 55(b)(2), and moves this Court for entry of an Order of Default Judgment against Defendants, GREEN SQUARE COMPANY LLC ("Green Square Company") and JOEY M. YOUNGER, individually ("Younger") (collectively "Defendants"), and in support thereof, states as follows:

1. On March 19, 2020, a civil action was filed against Green Square Company seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (Doc. No. 1).

2. On May 11, 2020, Plaintiff filed a one-count First Amended Complaint against Defendants based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA). (Doc. No. 9).

3. On May 20, 2020, Green Square Company was served with Plaintiff's Summons and First Amended Complaint. (Doc. No. 13).

4. Green Square Company failed to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's First Amended Complaint on or before June

1

   10, 2020.

5. On July 29, 2020, Plaintiff filed a Request for Entry of Default against Green Square Company. (Doc. No. 18).

6. On August 27, 2020, the Clerk of the Court entered default against Green Square Company for failure to appear or otherwise respond to Plaintiff's First Amended Complaint. (Doc. No. 22).

7. On August 13, 2020, Younger was served with Plaintiff's Alias Summons and First Amended Complaint. (Doc. No. 21).

8. Younger failed to (1) appear and/or (2) serve upon Counsel for Plaintiff an answer or responsive pleading to Plaintiff's First Amended Complaint on or before September 3, 2020.

9. On September 8, 2020, Plaintiff filed a Request for Entry of Default against Younger. (Doc. No. 23).

10. On September 28, 2020, the Clerk of the Court entered default against Younger for failure to appear or otherwise respond to Plaintiff's First Amended Complaint. (Doc. No. 24). Plaintiff's First Amended Complaint alleges the following: Green Square Company is attempting to collect an alleged consumer debt from Plaintiff originating with a Sky Trail Cash account. (Doc. No. 1, ¶ 21); The alleged debt at issue arises from transactions for personal, family, and household purposes. (Doc. No. 1, ¶ 22); In or around January 2020, Green Square Company began placing calls to Plaintiff on Plaintiff's telephone at xxx-xxx-6958, in an attempt to collect the alleged debt. (Doc. No. 1, ¶ 23); On at least one occasion since Green Square Company began calling Plaintiff, Plaintiff has answered Green Square Company's collection call and has spoken with one of Green Square

Company's collectors. (Doc. No. 1, ¶ 24); During the conversation, Green Square Company's collector falsely represented that Green Square Company is a "mediation company." (Doc. No. 1, ¶ 25); During the conversation, Green Square Company's collector threatened to take Plaintiff to court if she did not enter into a payment plan with Green Square Company. (Doc. No. 1, ¶ 26); Since Green Square Company began calling Plaintiff, Green Square Company's collectors left the following voicemail messages on Plaintiff's telephone:

a. "This is a formal notification solely intended for Ericka Blair. This is the offices of Green Square Services calling in regards to your (unintelligible) of banking information with this office. We strongly suggest you return this call immediately before this matter is outsourced for final action against you. You may contact our office directly, 888-591-9207. Thank you and have a great day. 5-1-2-2-2-6-5-2."

b. "This message is only intended for Ericka Blair. This is Christina Maddox contacting you in reference to the civil grievance filed against your name as well as your social ending in 0611 due to the bounced check authorized from your account. You provided a MasterCard ending in 9935 to set a voluntary out-of-court arrangement. However, the payment you authorized of $100 came back insufficient funds and carrying a $35 insufficient fee and is currently being investigated as an attempt to defraud our company. To avoid any further proceedings for wage garnishment through Marion County, you or your attorney can contact our office no later than 5 PM at 844-802-1310. Again that is 844-802-1310. Good luck."

c. "This is a formal notification solely intended for Ericka Blair. This is the offices of Green Square Services calling regarding your claim which is currently in imminent default. This matter is being scheduled to be recalled beyond this point at which time our client will pursue and likely be awarded the appropriate release. You may contact the office directly at 888-608-5122. As always, your complete cooperation is appreciated. 5-1-2-2-2-6-5-2."

(Doc. No. 1, ¶ 27); The telephone numbers 888-591-9207 and 844-802-1310 belong to Green Square Company. (Doc. No. 1, ¶ 28); Green Square Company's collectors were working within the scope of their employment when communicating with Plaintiff. (Doc. No. 1, ¶ 29); Green Square Company's collectors are or should be familiar with the

3

FDCPA. (Doc. No. 1, ¶ 30); Green Square Company's collectors know or should know that the FDCPA requires a debt collector to disclose the caller's identity when communicating with a consumer. (Doc. No. 1, ¶ 31); Green Square Company's collectors know or should know that the FDCPA requires a debt collector to disclose that the communication is from a debt collector and that any information obtained will be used for that purpose (Doc. No. 1, ¶ 32); To date, Green Square Company has not taken legal action against Plaintiff.. (Doc. No. 1, ¶ 33); During the course of collection efforts against Plaintiff, Younger acted in association with his company, Green Square Company, regarding the conduct toward Plaintiff described above by presenting to Green Square Company office(s) to work and by assisting Green Square Company in obtaining revenue. (Doc. No. 1, ¶ 34); Green Square Company was the avenue through which Younger and Green Square Company's employees conducted their business operation, namely, debt collection. (Doc. No. 1, ¶ 35); Younger was responsible for setting the policies and procedures related to the collection practices of Green Square Company's employees and directed them to specifically act in the manner described above. (Doc. No. 1, ¶ 36); During all times pertinent hereto, Younger: (a) Created the collection policies and procedures used by Green Square Company, and its respective employees and agents, in connection with their common efforts to collect consumer debts; (b) Managed or otherwise controlled the daily collection operations of Green Square Company; (c) Oversaw the application of the collection policies and procedures used by Green Square Company and its employees and agents; (d) Drafted, created, approved and ratified the tactics and scripts used by Green Square Company and its employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as

alleged above; (e) Ratified the unlawful debt collection practices and procedures used by Green Square Company and its employees and agents in connection with their common efforts to collect consumer debts; and (f) Had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Green Square Company and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged above. (Doc. No. 1, ¶ 37); Younger knew that Green Square Company repeatedly or continuously engaged in collection practices. (Doc. No. 1, ¶ 38); Younger and Green Square Company, and their respective agents and employees, knew that the representations made to Plaintiff were false, deceptive and misleading. (Doc. No. 1, ¶ 39).

11. Defendants' conduct therefore violates the FDCPA as follows:

   a. Defendants violated § 1692d(6) of the FDCPA by placing telephone calls without disclosure of the caller's identity, when Green Square Company left a voicemail message for Plaintiff on Plaintiff's telephone without disclosing the communication was from Green Square Company;

   b. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendants engaged in engaged in, at least, the following discrete violations of § 1692e;

   c. Defendants violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the garnishment of wages of any person unless such action is lawful and the debt collector intends to take such action, when Green Square Company's collector threatened to garnish Plaintiff's wages and Defendants could

      not lawfully take such action;

d. Defendants violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Green Square Company's collector threatened to take legal action against Plaintiff and Defendants did not intend to take such action;

e. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Green Square Company's collector falsely represented that Green Square Company is a mediation company and when Green Square Company's collector deceptively insinuated Plaintiff needed to retain an attorney when no legal action was pending against Plaintiff;

f. Defendants violated § 1692e(11) of the FDCPA by failing to disclose that the communication is from a debt collector, with none of the exceptions of this subsection being applicable, when Green Square Company's collector failed to disclose the communication is from a debt collector attempting to collect a debt in voicemail messages left for Plaintiff on Plaintiff's telephone;

g. Defendants violated § 1692e(14) of the FDCPA by using business, company or organization name other than the true name of the debt collector's business, company or organization, when Green Square Company's collectors left voicemail messages on Plaintiff's telephone and represented the communication was from "Green Square Services"; and

h. Defendants violated § violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

12. The allegations in Plaintiff's First Amended Complaint are admitted as a responsive pleading was required and the allegations were not denied. Fed. R. Civ. P. 8(b)(6).

13. Plaintiff is entitled to receive damages not exceeding $1,000.00 for violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A).

14. Plaintiff is entitled to receive the costs of the action, together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C. § 1692k(a)(3) and has filed a motion for Costs of the Action and Attorney's fees seeking costs in the amount of $687.80, together with a reasonable attorney's fee in the amount of $4,729.90 *See* Exhibit A.

WHEREFORE, Plaintiff requests the following relief:

a. An entry of an Order of Default Judgment against Defendants in the amount of $7,417.70, and

b. Any other relief the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

October 22, 2020

By: /s/ Michael S. Agruss
Michael S. Agruss
Agruss Law Firm, LLC
4809 N. Ravenswood Ave.
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff

## PROOF OF SERVICE

I, Michael S. Agruss state the following:

I am employed in Chicago, Illinois.  I am over the age of 18 and am not a party to this action. My business address is 4809 N. Ravenswood Ave, Suite 419 Chicago, IL 60640.  On October 22, 2020, I served the following documents:

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

    On the parties listed below:

    Green Square Company, LLC
    c/o Peltan Law, PLLC
    128 Church Street
    East Aurora NY 14052

    Joey Younger
    128 Church Street
    East Aurora NY 14052

    By the following means of service:

[X]    **BY MAIL:** I deposited the envelope in the mail via first class mail. The envelope was mailed with postage fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this document was deposited with the U.S. Postal Service on this date with postage fully prepaid, in the ordinary course of business.

[X]    **FEDERAL:** I declare under penalty of perjury that the above is true and correct.

Executed on October 22, 2020.

                                                         By: /s/ Michael S. Agruss
                                                                 Michael S. Agruss